**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Synell ROSS, Defendant–Appellant.**

**No. 03–5375.**

United States Court of Appeals,
Sixth Circuit.

March 17, 2004.

Victor L. Ivy, Asst. U.S. Attorney, U.S. Attorney's Office, Jackson, TN, for Plaintiff–Appellee.

M. Dianne Smothers, Asst. FP Defender, Office of the Federal Public Defender, Memphis, TN, for Defendant–Appellant.

Before: NORRIS and COLE, Circuit Judges; and ECONOMUS, District Judge.*

### ORDER

Synell Ross, a federal prisoner, appeals his conviction for possession of crack cocaine with the intent to distribute in violation of 21 U.S.C. § 841(a)(1). The parties have waived oral argument, and upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Following his indictment on the above offense, Ross moved to suppress evidence obtained as the result of an illegal search and seizure. The district court denied the motion, reasoning that the crack cocaine was discovered incident to a lawful arrest and that alternatively the police officer's pat-down search of Ross was lawful under *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). Ross thereafter entered a conditional guilty plea to the above offense, reserving for appeal the district court's denial of his motion to suppress. Ross was sentenced to 130 months in prison, 5 years of supervised release, and a special assessment of $100. The judgment was entered on March 19, 2003, and this appeal followed.

Around 11:30 p.m. on August 11, 2002, Officer Vallee of the Kenton (Tennessee) Police Department stopped an automobile with Alabama plates because the high-beam lights were on and the automobile had been following another vehicle too closely. While approaching the automobile, Officer Vallee noticed that the tags had expired, although he soon determined that the registration was in fact current. Ross, who was the driver, gave a false name and stated that he had a Mississippi driver's license, but did not have it with him. Officer Vallee thereafter asked the passenger, Yveatta Martin, who was the owner of the car, to step outside. Martin explained that she knew the driver only as Snug or Boochie and that they were returning to her home in Alabama after having been in Chicago a few days. Officer Vallee again approached Ross and noticed that the car contained many food wrappers and no clothing or luggage. Furthermore, Ross would not make eye contact with him. Suspecting drug activity, Officer Vallee asked Ross to step out of the car to pat him down for weapons. In the process, Officer Vallee felt a hard object which he perceived to be a weapon, but which instead was crack cocaine. Officer Vallee immediately placed Ross under arrest. The next day, Ross gave a statement, admitting that he had purchased crack cocaine in Chicago for resale.

When reviewing a district court's decision on a motion to suppress, this court reviews factual findings for clear error and legal conclusions de novo. *United States v. Elmore*, 304 F.3d 557, 560 (6th Cir. 2002).

▪ Upon review, we conclude the district court properly denied the motion to suppress. In the instant case, the traffic stop was valid because Officer Vallee had probable cause to believe that Ross had violated a traffic law concerning the use of high beams. *See* Tenn.Code Ann. § 55–9–407; *Whren v. United States*, 517 U.S. 806, 819, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996). When Ross then did not pro-

---

* The Honorable Peter C. Economus, United States District Judge for the Northern District of Ohio, sitting by designation.

duce any identification, state law obligated Officer Vallee to arrest Ross. *See* Tenn. Code Ann. § 40–7–118. Although Officer Vallee did not speak words of arrest, Ross was not free to leave without producing identification and was under lawful, custodial arrest. *See Berkemer v. McCarty*, 468 U.S. 420, 442, 104 S.Ct. 3138, 82 L.Ed.2d 317 (1984); *United States v. Brown*, Nos. 96–5414, etc., 1998 WL 68931, at *6 (6th Cir. Feb.11, 1998) (unpublished). Thus, the search was proper incident to the arrest. *See Atwater v. City of Lago Vista*, 532 U.S. 318, 354, 121 S.Ct. 1536, 149 L.Ed.2d 549 (2001).

The district court also properly concluded that the search was lawful under *Terry*. The court stated:

> Alternatively, there is another reason why the search—why the motion to suppress should be denied, and that is that the officer clearly had probable cause for the stop. He then—after getting no documentation, after getting a name in Mississippi from a driver of a car with Alabama tags that had been to Illinois with a passenger who couldn't identify him, the officer had a reasonably articulable suspicion to justify asking the driver to step out of the car and to perform a *Terry* pat-down. After the *Terry* pat-down was made, the officer discovered the alleged controlled substance—substances in the waistband of the defendant's clothes.

> So the court finds that as an alternative basis to deny the motion to suppress, the officer had a reasonably articulable suspicion that something was afoot, and that justified a *Terry* pat-down. Now, that's not to say it justified at that point an arrest, but it clearly justified a *Terry* pat-down to search for weapons.

(J.A., p. 97).

We conclude that Officer Vallee had a reasonable, articulable suspicion of drug activity sufficient to detain and frisk Ross under the totality of the circumstances. *See Terry*, 392 U.S. at 30; *United States v. Smith*, 263 F.3d 571, 588 (6th Cir.2001). Some of the individual factors listed by Officer Vallee and the district court should be given little or no weight, such as the lack of luggage and presence of food wrappers in the car. *See Reid v. Georgia*, 448 U.S. 438, 441, 100 S.Ct. 2752, 65 L.Ed.2d 890 (1980); *Smith*, 263 F.3d at 594. Likewise, we decline to hold that criminal activity should be suspected merely because an owner of a car has been remiss in replacing tags after renewing registration or has permitted her friend from a neighboring state to drive on a cross-country trip. Nonetheless, we conclude that the combination of Ross's failure to produce identification, Martin's knowledge only of a nickname or alias for her companion on a long trip, and Ross's failure to make eye contact was sufficient for Officer Vallee to reasonably suspect that Ross was involved in drug activity. *See United States v. Sokolow*, 490 U.S. 1, 9, 109 S.Ct. 1581, 104 L.Ed.2d 1 (1989); *United States v. Cantu*, Nos. 93–3238, etc., 1995 WL 122792, at *3 (6th Cir. Mar.21, 1995) (unpublished). Because Officer Vallee suspected drug activity, he could reasonably infer that Ross was armed and dangerous, as drug-traffickers tend to be. *See United States v. Vite–Espinoza*, 342 F.3d 462, 467 (6th Cir.2003). Thus, the pat-down was permissible.

Accordingly, the district court's judgment is affirmed.